USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/27/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LINDA ROWETT,

                Plaintiff,

-against-

COVERYS, PROSELECT INSURANCE COMPANY, COVERYS SPECIALTY INSURANCE GROUP, MEDICAL PROFESSIONAL MUTUAL INSURANCE COMPANY (PROMUTUAL), PROMUTUAL GROUP INC.,

                Defendants.

24-CV-5417 (ALC)

ORDER OF SERVICE

---

ANDREW L. CARTER, JR., United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her employer discriminated against her based on her religion, disability, and age. By order dated July 18, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each defendant, complete the USM-285 form with the address for each defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   August 27, 2024
         New York, New York

                                                    _____
                                                    ANDREW L. CARTER, JR.
                                                    United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Coverys
   One Financial Center
   Boston, MA 02111

2. ProSelect Insurance Companies
   One Financial Center
   Boston, MA 02111

3. Coverys Specialty Insurance Company
   1000 Main Street
   Chatham, NJ 07928

4. Medical Professional Mutual Insurance Company (ProMutual)
   One Financial Center
   Boston, MA 02111

5. ProMutual Group, Inc.
   One Financial Center
   Boston, MA 02111