# Law Firm of Steven M. Warshawsky
www.warshawskylawfirm.com

118 North Bedford Road, Suite 100
Mount Kisco, New York 10549

February 23, 2026

**VIA ELECTRONIC CASE FILING**
Hon. Valerie Figueredo
United States District Court
500 Pearl Street, Rm. 1660
New York, NY 10007

Re:    *Linda A. Rowett v. ProSelect Ins. Co.*
        Case No. 24-CV-05417-ALC-VF

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
**Dated: February 26, 2026**

The stay is GRANTED. The parties are directed to file a joint status update by **June 5, 2026**. The Clerk of the Court is respectfully directed to close the motion at ECF No. 58.

Dear Judge Figueredo:

I represent Plaintiff Linda Rowett in the above-referenced civil action. Pursuant to FRCP 26(c) and the Court's inherent authority, I am requesting a temporary stay in these proceedings, with all discovery and motion deadlines adjourned *sine die*, because my client's current health problems make participating in this litigation too difficult at this time. In support of this application, I am attaching a letter from Ms. Rowett's primary care physician, Theresa Miller, M.D.

I have conferred with counsel for Defendant, Devjani Mishra of Littler Mendelson P.C., who consents to this request.

### Standard of Review

FRCP 26(c) provides, in relevant part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … (A) forbidding the disclosure or discovery; (B) specifying terms … for the disclosure or discovery." *See, e.g., Republic of Turkey v. Christie's, Inc.*, 316 F.Supp.3d 675, 677 (S.D.N.Y. 2023) ("[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c).") (internal quotation marks and citation omitted).

Furthermore, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *LaSala v. Needham & Co., Inc.*, 399 F.Supp.2d 421, 427 (S.D.N.Y. 2005) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). "A decision to stay proceedings is one that rests firmly within a district court's discretion." *Poppel v. Rockefeller Univ. Hosp.*, 19-CV-1403(ALC), 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019) (citation omitted).

1

**Discussion**

Plaintiff has made diligent efforts to fulfill her discovery obligations in this case. Over the past several months, my client has gathered and produced more than 7000 pages of documents and provided substantial interrogatory responses. Plaintiff's last document production was on January 6, 2026. But more work remains to be done.

A number of important discovery items are outstanding, including gathering and producing personal communications (emails, texts) pertaining to the issues in this case, identifying and producing relevant social media posts, and obtaining and producing additional documents pertaining to alleged economic damages – all of which defense counsel needs before Ms. Rowett's deposition and I need in order to supplement Plaintiff's interrogatory responses. Despite my working closely with my client, she has not been able to finish up these tasks. I do not believe she can meet the current fact discovery deadline of March 24, 2026.

Based on what my client has told me as well as my observations during our meetings, in recent weeks Ms. Rowett has been experiencing significant health concerns that are impeding her ability to focus on this case. Furthermore, in my opinion, she is in no condition to prepare for and sit for a deposition. Being deposed at this time will be highly prejudicial to Plaintiff's ability to present her case effectively at summary judgment and trial. Accordingly, at my suggestion, Ms. Rowett discussed these issues with her doctor, who has provided the attached letter attesting to Ms. Rowett's need for a temporary break from the demands and pressures of this litigation. (I had no communications with Dr. Miller myself.)

In sum, my client believes in her case and has worked diligently to complete discovery, but at this time Plaintiff is requesting a temporary stay due to Ms. Rowett's "multiple medical conditions" which render her "not medically fit" to continue participating in this litigation at this time, as stated in Dr. Miller's letter. If the Court grants this request, Plaintiff suggests a date in late June for providing a status letter to the Court.

We thank Your Honor for your time and consideration.

Respectfully submitted,

/s/ *Steven M. Warshawsky*

Steven M. Warshawsky
*Attorney for Plaintiff*

cc:      All Counsel of Record (via ECF)